Filed 3/4/24  P. v. Charles CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F086515 |
| Plaintiff and Respondent, | (Super. Ct. No. BF134171A) |
| v. | |
| DERRICK DUPREE CHARLES, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P. J., Meehan, J. and DeSantos, J.

## INTRODUCTION

In 2011, appellant Derrick Charles (appellant) was convicted of attempted murder (Pen. Code,[1] §§ 664/187, subd. (a)) and other offenses. In 2023, the trial court denied his section 1172.6 petition for resentencing for failing to state a prima facie case.

On appeal, appellate counsel filed a brief which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to both *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436.[2] Appellant submitted a letter brief. We review his arguments and affirm the trial court's denial of his petition.

## PROCEDURAL BACKGROUND

In 2011, appellant was convicted after a jury trial of attempted murder, assault with a firearm (§ 245, subd. (a)(2)), possession of a firearm by a felon (former § 12021, subd. (a)), and active participation in a criminal street gang (§ 186.22, subd. (a)) with gang and firearm enhancements, and prior conviction allegations found true. He was sentenced to 40 years to life plus one year.

In 2013, the judgment was affirmed on direct appeal. (*People v. Charles*, *supra*, F063975.)

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] This court granted appellant's unopposed request to take judicial notice of the record and nonpublished opinion in his direct appeal, *People v. Charles* (Nov. 26, 2013, F063975).

In reviewing a section 1172.6 petition, the court may rely on "the procedural history of the case recited in any prior appellate opinion." (§ 1172.6, subd. (d)(3); *People v. Clements* (2002) 75 Cal.App.5th 276, 292; *People v. Cooper* (2022) 77 Cal.App.5th 393, 406, fn. 9.) The role of the appellate opinion is limited, however, and the court may not rely on factual summaries contained in prior appellate decisions or engage in fact finding at the prima facie stage. (*Clements*, at p. 292; *People v. Lewis* (2021) 11 Cal.5th 952, 972.) We will not rely on these facts to resolve appellant's appeal from the trial court's order that found his petition did not state a prima facie case for relief.

**APPELLANT'S PETITION FOR RESENTENCING**

On January 25, 2023, appellant filed a petition for resentencing pursuant to section 1172.6 and requested appointment of counsel. He filed a supporting declaration that consisted of a preprinted form where he checked boxes that he was eligible for resentencing because he was convicted of murder, attempted murder, or manslaughter following a trial, and he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019. The court appointed counsel.

On March 7, 2023, the prosecution filed opposition and argued defendant was ineligible for relief because the record of conviction, consisting of the jury instructions and the verdict forms, showed he was convicted as the actual shooter who acted with the specific intent to kill, and the jury was not instructed on the felony-murder rule or the natural and probable consequences doctrine.

Thereafter, both parties filed additional briefs.

**The Trial Court's Ruling**

On June 30, 2023, the trial court conducted a hearing on appellant's petition. Appellant's counsel stated that a removal order had been prepared but appellant refused to appear.

After hearing the parties' arguments, the court found the jury was not instructed on any now-prohibited theories of imputed malice, appellant was convicted as the actual perpetrator, and denied his petition for failing to state a prima facie case.

Appellant filed a timely notice of appeal.

**DISCUSSION**

As explained above, appellate counsel filed a brief with this court pursuant to *Wende* and *Delgadillo*. The brief included counsel's declaration that appellant was advised he could file his own brief with this court. This court also advised appellant that

3.

he could file a supplemental letter brief, and the appeal would be dismissed pursuant to *Delgadillo* if he failed to do so within 30 days.

In response to this court's order, appellant filed a letter brief that asserts his case should be "looked into" and he "qualified" for a prima facie finding because an investigator obtained newly discovered evidence that a prosecution witness was allegedly coerced to identify him as the suspect. He attached the investigator's report in support of this argument. He did not raise any issues about the trial court's denial of his section 1172.6 petition.

Appellant's claims are not cognizable in this appeal from the denial of his section 1172.6 petition for resentencing. "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings. To the contrary, '[n]othing in the language of section [1172.6] suggests it was intended to provide redress for allegedly erroneous prior factfinding. … The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

## DISPOSITION

The trial court's order of June 30, 2023, denying appellant's petition for resentencing, is affirmed.